# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00180-CV

### Cesar Diaz-Frances, Appellant

### v.

### 115 Blanco LLC, Appellee

### FROM THE JUSTICE COURT, PRECINCT 4 OF BLANCO COUNTY
### NO. EV23-0004, THE HONORABLE H. R. "BOB" RILEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On March 18, 2024, this Court received a document from Appellant that this Court construed as a notice of appeal. On March 19, this Court requested a response from appellant, asking him to explain how this Court may exercise jurisdiction over this appeal and informing him that his appeal may be dismissed for want of jurisdiction unless he timely responded and demonstrated jurisdiction. Appellant has filed a response, identifying the judgment being appealed as a judgment that was signed by the Justice of Peace, Precinct 4, in July 2023 and attaching a copy of the judgment and a writ of possession that was signed by the Justice of Peace in August 2023.

"A court of appeals lacks jurisdiction over direct appeals from a justice court." *Hutchings v. Melrose Acquisition, L.L.C.*, No. 05-21-00858-CV, 2021 Tex. App. LEXIS 9667, at *1 (Tex. App.—Dallas Dec. 3, 2021, no pet.) (mem. op.); *see generally* Tex. Civ. Prac. & Rem.

Code § 51.001 (addressing appeals from justice court to county or district court); Tex. R. Civ. P. 506.1–.3 (addressing appeals from justice court to county court). Further, "[t]imely filing of a notice of appeal is necessary to invoke this Court's appellate jurisdiction." *Texas Ent. Ass'n v. Combs*, 431 S.W.3d 790, 796 (Tex. App.—Austin 2014, pet. denied); *see* Tex. R. App. P. 25.1(b) (stating that appeal is perfected when written notice of appeal is filed). A notice of appeal to this Court generally must be filed within thirty days after a judgment is signed. *Id.* R. 26.1; *see also* R. 26.1(a) (setting deadline of ninety days after judgment is signed when certain post-judgment motions are filed); 26.3 (allowing fifteen-day extension of deadline to file notice of appeal).

Here, this Court lacks jurisdiction on direct appeal from the judgment that appellant seeks to appeal, and even if this Court would have had jurisdiction on direct appeal from that judgment, appellant's notice of appeal would be untimely. *See* Tex. R. App. P. 26.1; *see also* Tex. R. Civ. P. 506.1 (setting deadlines for appealing judgment from justice court to county court). We therefore lack jurisdiction over this appeal and dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed: April 5, 2024